**NOT FOR PUBLICATION**                                                      **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: | |
| | Hon. Faith S. Hochberg, U.S.D.J. |
| PAGANO DEVELOPMENT COMPANY, INC. | |
| | Civil Case No. 11-4448 (FSH) |
| Debtor. | |
| | **OPINION & ORDER** |
| PAGANO DEVELOPMENT COMPANY, INC. | |
| | Date: October 24, 2011 |
| Appellant, | |
| v. | |
| THE MARLBORO PARTNERSHIP, | |
| Appellee. | |

**HOCHBERG, District Judge;**

This matter comes before the Court upon the Appeal of Pagano Development Company from an Order of the Bankruptcy Court dated July 26, 2011, dismissing Appellant's Chapter 11 case as a bad faith filing pursuant to 11 U.S.C. § 1112(b), and Appellant's application for a stay of the Bankruptcy Court's Order pending appeal. The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

**I.    BACKGROUND**

Pagano Development Company ("Debtor") is a real estate development firm run by President and sole shareholder Robert Pagano, which specializes in purchasing and developing commercial properties. On March 5, 2008, Debtor entered into an Agreement of Sale (the "Agreement") for the sale and purchase of 14 acres in Marlboro Township (the "Property") from

1

the Marlboro Partnership ("Creditor") for $5.9 million.  The parties agreed that the sale would close after the satisfaction of conditions precedent, which included Debtor's procurement of various permits and approvals for the commercial development of the Property.  After satisfaction of these conditions precedent, Debtor was obligated to close on purchase of the Property on December 31, 2010.  Debtor and Creditor then agreed to a number of extensions of the closing deadline in exchange for additional payments by Debtor.  The parties agreed to the final extension of the deadline by e-mail on June 2, 2011, whereby Creditor extended the closing deadline through June 3, 2011 in exchange for Debtor's payment of an additional $100,000.  On June 2, 2011, the same day it agreed to pay $100,000 for the one day extension, Debtor filed a Chapter 11 Petition.

On July 26, 2011, after reviewing the parties' briefs and hearing oral argument, the Honorable Morris Stern, United States Bankruptcy Court for the District of New Jersey granted Creditor's motion to dismiss Debtor's Chapter 11 case as a bad faith filing pursuant to 11 U.S.C. § 1112(b) and denied Debtor's motion for a stay pending appeal per Fed .R. Bankr. P. 8005.  Judge Stern found that Debtor's filing of its Chapter 11 Petition was not a proper use of Chapter 11 process.  Debtor now appeals the Bankruptcy Court's dismissal of its Petition and seeks a stay of that Order pending appeal.

## II.     STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof."  *In re American Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007) (internal quotations omitted); *see also* Fed. R. Bankr. P. 8013.  With respect to mixed questions of law and fact, this Court "must accept the [the bankruptcy] court's findings of historical or narrative facts unless they are clearly erroneous,

but must exercise a plenary review of the . . . court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *In re Sharon Steel Corp.*, 871 F.2d 1217, 1223 (3d Cir. 1989) (quoting *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102-03 (3d Cir. 1981)).

### III.   DISCUSSION

When ruling on an application for a stay pending appeal, the Court considers four factors: (1) whether the appellant is likely to succeed on the merits of the appeal; (2) whether the appellant will suffer irreparable injury if the stay is not granted; (3) whether a stay would substantially harm other parties in the litigation; and (4) whether a stay is in the public interest. *See Family Kingdom, Inc. v. EMIF New Jersey Ltd. P'ship*, 225 B.R. 65, 69 (D.N.J. 1998). These factors should not be rigidly applied, but require a determination based on the individual circumstances of a particular case.  *See, e.g., Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)

#### A.   Likelihood of Success on the Merits

The decision to dismiss for bad faith is in the discretion of the bankruptcy judge, who must balance the equities and determine whether the debtor "has abused the provisions, purpose, or spirit of bankruptcy law."  *Tamecki v. Frank (In re Tamecki)*, 229 F.3d 205, 207 (3d Cir. 2000).  A determination of a debtor's motive for filing centers upon the totality of the circumstances.  *In re SGL Carbon Corp.*, 200 F.3d 154, 165 (3d Cir. 1999).  The existence of bad faith depends not on the presence of any one specific factor but upon a combination of factors, after careful examination of all the facts of a debtor's case. *In re Taylor,* 103 B.R. 511, 521 (D.N.J. 1989).

Debtor argues that Bankruptcy Court committed error by: not requiring Creditor to demonstrate that it had standing as a "party in interest" under § 1109(b) of the Bankruptcy Code

3

once Debtor challenged its standing; by failing to make any findings as to whether Creditor was a "party in interest;" and abused its discretion by granting the motion to dismiss of a party that did not have standing to appear. Debtor argues that the Creditor presenting itself as "The Marlboro Partnership" is not the same Marlboro Partnership with which Debtor entered into the Agreement and, therefore, has no standing to appear in this Chapter 11 case. Creditor acknowledges that subsequent to Debtor's filing Chapter 11 filing, the original partners sold their partnership interest in the Marlboro Partnership, and that the purchasers agreed to be responsible for the performance of all the partnership's obligations under the Agreement. Debtor argues that because such a transfer is not possible under New Jersey law, Creditor is not a "party in interest"[1] entitled to appear in this case.[2]

      This Court reviews the Bankruptcy Court's determination of standing *de novo*. The Third Circuit has made clear that the Bankruptcy Code "does not include a definition of party in interest," and the term "is not limited by the small list of examples in § 1109(b)." *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985). "Section 1109(b) continues the pattern of permitting interested parties in bankruptcy cases the absolute right to be heard and to insure their fair representation." *Id.* (noting that "the predecessor provisions of section 1109(b) of the Code, constituted an effort to encourage and promote greater participation in reorganization cases," and "[s]ection 1109(b) continues in this tradition and should be understood in the same way"). Judge Stern expressed the permissiveness of § 1109(b) when he stated the following in reference to

---

[1] Section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holders' committee, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b).

[2] Debtor claims that Creditor, the "new" Marlboro Partnership, is actually a front for Edgewood Properties, Inc., a rival real estate developer that Debtor alleges has purchased the Property from the original Marlboro Partnership.

Creditor's status: "in the event there are parties here that have an interest. It's a disputed interest, but that doesn't mean they don't have standing." 7/26/11 Transcript at 29.

Judge Stern found that Creditor had sufficient standing to move to dismiss Debtor's Chapter 11 Petition as a bad faith filing: "there is an amalgam of parties here whether it's old Marlboro, new Marlboro if there can be such, old partners, new partners, but in that mix there is standing." 7/26/11 Transcript at 30. Upon a review of the facts in this case and the transcript of the hearing, this Court finds that Judge Stern's finding of standing was certainly not in error. However, the Court does not need to address this issue, because, as the Bankruptcy Court pointed out, it has independent authority, pursuant to the Bankruptcy Code to dismiss a Chapter 11 petition as a bad faith filing. *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); *see also In re Congoleum Corp.*, No. 03-51524, 2009 Bankr. LEXIS 900, at *33 (Bankr. D.N.J. 2009) ("it is clear that a bankruptcy court may *sua sponte* raise the issue of dismissal or conversion under § 1112(b)"), *rev'd on other grounds*, 414 B.R. 44 (D.N.J. 2009). Judge Stern made clear that "there is an overriding question of Chapter 11 propriety which this Court has a duty to examine independent of whether a private party brings the issue." 7/26/11 Transcript at 37. In response to Debtor's arguments challenging Creditor's standing, Judge Stern stated: "And the standing issue is well stated but misses the mark because the Court would have raised the issue anyhow." *Id.* at 29.[3] It is clear that the Bankruptcy Court would have considered whether Debtor's Chapter 11 Petition

---

[3] Judge Stern also stated: "it's clear to me that if [Creditor's counsel] never stood up and argued, never made a motion, that this Court would be hard pressed not to issue notice and an order to show cause why the case shouldn't be dismissed." 7/26/11 Transcript at 28.

5

should be dismissed as a bad faith filing regardless of whether a party in interest so moved; therefore, Debtor's argument that Creditor lacked standing is unavailing. Regardless of how the consideration of dismissal pursuant to § 1112(b) arose, Debtor had a full and fair opportunity, both in its briefs and at oral argument, to argue its case. Therefore, the Bankruptcy Court did not commit error in finding that Creditor had standing.[4]

A review of the record in this case demonstrates that the Bankruptcy Court's dismissal of Debtor's Chapter 11 Petition as a bad faith filing was a permissible exercise of discretion. "A determination of the debtor's bad faith depends largely on the Court's evaluation of the debtor's financial condition and motives surrounding the filing of the petition," and "[t]he existence of bad faith depends not on the presence of any one specific factor but on a combination of factors after careful consideration of the facts of debtor's case." *In re Taylor,* 103 B.R. at 521. Here, after considering the facts of Debtor's case, including its corporate structure and financial condition, the Bankruptcy Court determined that the case was a bad faith filing based on finding that it was a "two-party matter" filed by a "shell" corporation as "a litigation . . . or a negotiation tactic, that it "lack[ed] valid reorganizational purpose," and that "[t]he plain motivation here was to delay a termination." 7/26/11 Transcript at 30-37. The record before the Bankruptcy Court indicated that Debtor had a single asset (its contractual right to purchase the Property), no employees, no cash, and only one other creditor besides The Marlboro Partnership. Debtor had filed its Chapter 11 Petition within two hours of agreeing to a one day extension of the deadline

---

[4] The central issue before the Court is whether Debtor's case was a bad faith filing subject to dismissal. Debtor's lengthy and strained arguments regarding Creditor's standing are inapposite. The Bankruptcy Court was absolutely clear that it would have considered dismissal of Debtor's Petition for bad faith regardless of whether Creditor raised the issue. Debtor's argument regarding the legality of the transfer between the original Marlboro Partnership and Creditor raises issues of assignability of the Agreement to a successor that need not be addressed at this time.

to close the contract. Based on this record and its consideration of the totality of the circumstances,[5] the Bankruptcy Court was certainly within its discretion in finding that Debtor filed its Petition as "an effort to frustrate the termination rights of one party," and dismissing the Petition pursuant to 11 U.S.C. § 1112(b).

For the reasons set forth above, Debtor's arguments fail to establish a likelihood of success on the merits.

### B. Irreparable Injury

Debtor argues that its opportunity to reorganize will be destroyed if the Bankruptcy Court's Order is not stayed pending this appeal, but offers very little explanation for this assertion. However, the Bankruptcy Court found that Debtor's filing lacked a valid reorganizational purpose, was clearly motivated by Debtor's desire to avoid termination of the Agreement, and was, therefore, an abuse of bankruptcy procedure. The court notes that the parties are currently in litigation regarding the enforceability of the Agreement in New Jersey Superior Court. Because parties are litigating their rights under Agreement in state court, Debtor has not met its burden to demonstrate irreparable harm if the Bankruptcy Court's Order is not stayed.

---

[5] Contrary to Debtor's argument, the Bankruptcy Court did not make its bad faith finding solely because it found the case to be two-party dispute or solely because it found Debtor to be a shell company. Rather, the Bankruptcy Court examined the totality of the circumstances surrounding Debtor's case and, based on several factors, found the Petition to be a bad faith filing made primarily to avoid termination of a contract.

### C. Harm to Creditor; Public Interest

As Debtor has failed to demonstrate either a likelihood of success on the merits or irreparable harm, the Court finds that the first two factors weigh overwhelmingly against granting a stay and that it is not necessary to consider the final two factors.[6]

## IV. CONCLUSION

For the reasons set forth above, **IT IS** on this 24th day of October, 2011

**ORDERED** that Appellant's application for a stay pending appeal [docket # 4] is **DENIED**; and it is further

**ORDERED** that the July 26, 2011 Order of the Bankruptcy Court is **AFFIRMED**; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[6] The Court notes that there has been no demonstration that Creditor would not be harmed by a stay or that a stay would serve the public interest.